```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAVID L. NASH, | CIVIL ACTION NO. 02-3859 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| DEVON BROWN, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The defendants George Achebe ("Achebe") and Ellen Warner ("Warner") move pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for summary judgment as to the claims asserted against them for (1) medical malpractice and negligence brought under state law, and (2) punitive damages pursuant to § 1983. The Court, for the reasons stated herein, will grant the motion in part and deny the motion in part.

### BACKGROUND

**I. Facts**

The parties are familiar with the background of this action. (See 8-2-04 Mem. Op. & Ord.) Plaintiff, David Nash ("Nash"), is a prisoner at New Jersey State Prison ("NJSP"). He has been incarcerated at NJSP since November 5, 1995. (Crammer Cert., Ex. A.) On October 17, 2000, Nash was struck in the face by a fellow inmate, and sustained an orbital fracture to the left eye. (Id., Ex. B, at 2.)

## II. Procedural History

Plaintiff filed a pro se complaint on November 6, 2002, alleging, inter alia, violations of the Eighth Amendment. (Dkt. entry no. 2.) He seeks relief pursuant to 42 U.S.C. § 1983. Id. Specifically, plaintiff contends the defendants failed to protect his safety and acted with deliberate indifference to his serious medical needs. (Id. at ¶¶ 27-29, 30-31, 33-34.) Previously, Achebe and Warner moved for summary judgment contending they were entitled to judgment as a matter of law. (8-2-04 Mem. Op. & Ord., at 1.) The motion was denied because the Court found that Nash had produced enough evidence to satisfy a prima facie case for deliberate indifference. (8-2-04 Mem. Op., at 16.)

Achebe and Warner now move for summary judgment as to the claims asserted against them for (1) medical malpractice and negligence under state law, and (2) punitive damages pursuant to § 1983.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment

bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the summary judgment movant has met this prima facie burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A nonmovant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the nonmovant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

## II. Analysis

A. Medical Malpractice and Negligence Claims Under State Law

Achebe and Warner argue that judgment should be entered in their favor on the medical malpractice claims against them because Nash failed to file an affidavit-of-merit pursuant to N.J.S.A § 2A:53A-27. (Defs. Br., at 3.)  Nash opposes, arguing that he requested an expert report on March 1, 2004, and received no response. (Pl. Ans., at ¶¶ 1-3; 3-1-04 Ltr. to Dr. Razvi.) Further he argues the assertions by Achebe and Warner are predicated on erroneous facts and conclusions of law. (Pl. Ans., at ¶¶ 1-3.)

The Court will apply New Jersey's affidavit-of-merit statute to medical malpractice claims that accrue in New Jersey and are brought in federal court. See Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000). The statute provides:

> In any action for damages for personal injuries, wrongful death or property damages resulting from an alleged act of malpractice or negligence by a licensed person in this profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of merit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court

4

> may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A § 2A:53A-27.  Failure to comply is deemed to be a failure to state a cause of action.  N.J.S.A. § 2A:53A-29.  "[A] dismissal for failure to comply with the statute should be with prejudice in all but extraordinary circumstances."  Cornblatt v. Barow, 708 A.2d 401, 415 (N.J. 1998).  "Ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline."  Taylor v. Plousis, 101 F.Supp.2d 255, 270 (D.N.J. 2000) (citation omitted).

Plaintiffs can rely upon the doctrine of substantial compliance to excuse technical noncompliance with the statute.  Galik v. Clara Maass Med. Ctr., 771 A.2d 1141, 1149 (N.J. 2001).  The Court evaluates the following criteria when considering substantial compliance:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute.

Id.

Nash has neither provided an affidavit-of-merit, nor substantially complied with the statute.  Defendants filed their answer to the complaint on January 17, 2003.  (1-17-03 Defs. Ans.)  Nash should have filed an affidavit-of-merit within 60 days of that date.  It was not until March 1, 2004, well beyond

the prescribed statutory period for filing an affidavit, that Nash made an effort to secure an expert report. (See 3-1-04 Ltr. to Dr. Razvi.) To date, Nash has filed neither an affidavit-of-merit nor an expert report. Nash has not provided any certification or information in lieu of the affidavit, nor has he explained his failure to comply. For these reasons, the Court will grant the motion by Achebe and Warner for summary judgment as to the state medical malpractice and negligence claims asserted against them.

    B. Punitive Damages Claim

Achebe and Warner argue that judgment should be entered in their favor as to Nash's claim for punitive damages for violations of his Constitutional rights because he has failed to demonstrate that their conduct was wanton and willful. (Defs. Br., at 7.) Nash argues that such an assertion is based upon erroneous facts and conclusions of law. (Pl. Ans., at ¶ 3.)

Punitive damages can be assessed in an action brought pursuant to § 1983 when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). This Court previously determined that Nash has demonstrated a prima facie case for the deliberate indifference of Achebe and Warner to his serious medical need. (See 8-2-04 Mem. Op. & Ord., at 16-18.)

6

Achebe and Warner have not demonstrated that there is an absence of material fact as to whether they violated Nash's Constitutional rights.  The existence of genuine issues of material fact prevents the entry of summary judgment as to Nash's claim for punitive damages against Achebe and Warner.  Thus, that part of the motion to will be denied.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the part of the motion by Achebe and Warner for summary judgment as to the medical malpractice and negligence claims under state law, and (2) deny the part seeking summary judgment as to the claim for punitive damages.  An appropriate order will be issued.


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge